**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0519, <u>Fred Ward v. Town of Stoddard</u>, the court on April 20, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Fred Ward, appeals an order of the Superior Court (<u>Kissinger</u>, J.) dismissing his appeals of decisions of the planning board and the zoning board of adjustment (ZBA) for the defendant, the Town of Stoddard (town), to grant applications of the intervenor, Global Montello Group Corp., for site plan approval and a special exception. The intervenor, whose property lies more than 4,000 feet from the petitioner's property and does not abut it, seeks to expand its fuel station and convenience store. The trial court concluded that the petitioner lacked standing. We note that, although several of the petitioner's arguments concern a proposed sign, the town and the intervenor represent, and the petitioner does not contest, that the intervenor has not sought a variance required for the sign.

When the issue of standing is raised, the party challenging the administrative action cannot rest on unsubstantiated allegations, but must establish his right to claim relief by demonstrating some direct, definite interest in the outcome of the action or proceeding. <u>Hannaford Bros. Co. v. Town of Bedford</u>, 164 N.H. 764, 766-67 (2013). Standing will not be extended to all persons in the community who might feel that they are hurt by a local administrator's decision. <u>Id</u>. at 768.

Whether a person's interest in the challenged administrative action is sufficient to confer standing is a factual determination to be undertaken on a case by case basis. <u>Id</u>. at 767. When evaluating whether an appealing party has standing in this context, we consider: (1) the proximity of the challenging party's property to the subject site; (2) the type of change proposed; (3) the immediacy of the injury claimed; (4) the challenging party's participation in the administrative hearings; and (5) any other relevant factor bearing on whether the appealing party has a direct, definite interest in the outcome of the proceeding. <u>Id</u>. We generally review the trial court's factual findings deferentially. <u>Id</u>. We will uphold the trial court's decision regarding standing unless it is unsupported by the evidence or legally erroneous. <u>Golf Course Investors of NH v. Town of Jaffrey</u>, 161 N.H. 675, 680 (2011).

We construe the petitioner's brief to contend that the trial court erred by: (1) not applying the summary judgment standard to the motion to dismiss; (2) not viewing the facts in the light most favorable to him; (3) "finding [he] lacked standing on the basis of his proximity, the lack of significant change proposed, and a lack of injury-in-fact from the project"; (4) basing "its decision, in part, on a portion of the merits of the appeal, namely that the [ZBA] and Planning Board failed to solicit information from the [intervenor] viz. lighting, traffic impact, noise, smoke, and other impacts"; (5) limiting its consideration of injury to economic loss; (6) applying our test for standing "in a manner contradicting the [federal] standard governing injury-in-fact in the case of environmental litigation"; (7) not finding that "[w]here there is 'injury-in-fact[,]' . . . there is 'proximity'"; and (8) not considering "the environmental sensitivity of existing uses surrounding the proposed use in determining proximity."

As the appealing party, the petitioner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2